**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND**

Civil Action No. 19-112-HRW

PEGGY FISHER,                                                                                   PLAINTIFF,

v.            **MEMORANDUM OPINION AND ORDER**

**ROBBIE FLETCHER,** *Individually*
*and is his capacity as*
*Superintendent of Lawrence County Schools*
**and**
**LAWRENCE COUNTY SCHOOL DISTRICT,**                      DEFENDANTS.

This matter is before the Court upon Defendants' Motion to Strike Plaintiff's Experts [Docket No. 11] and Plaintiff's Motion to Dismiss and Remand [Docket No. 14]. For the reasons set forth herein the Court will sustain Defendants' motion and overrule Plaintiff's.

**I.**

This civil action was originally filed in Lawrence Circuit Court. Plaintiff, a special needs instructor at Lawrence County High School, filed this Complaint against the Robbie Fletcher, Superintendent and the School District, alleging that her employment was terminated without due process. Specifically, she alleged violations of her rights protected under the Fourteenth Amendment to United States Constitution stated a claim under 42 U.S.C. §1983. [Complaint, Docket No. 1-1, ¶¶ 6, 7 and 15]. She also alleged a claim for intentional infliction of emotion distress under Kentucky law. *Id*. at ¶ 16.

1

On November 1, 2019, upon the basis of Plaintiff's specific allegations of a violation of a federally protected right by a state actor, Defendants filed a Notice of Removal in this Court. [Docket No. 1]. This Court, thereafter, sustained the removal. [Docket No. 3].

Following the parties' meeting required by Rule 26(f) of the Federal Rules of Civil Procedure this Court entered a Scheduling Order. [Docket No. 8]. With regard to Plaintiff's expert witnesses, the Order provided: "No later than April 1, 2020, counsel for the Plaintiff shall disclose the identity of expert witnesses who may be used at trial and written reports by the expert witnesses is required by Rule 26(a)(2)." *Id.* The Order further provided Defendants an expert disclosure deadline of May 1, 2020, with rebuttal experts to be disclosed by June 1, 2020. *Id.* The deadline for the completion of all discovery is July 1, 2020. *Id.*

No expert witness disclosure was made by Plaintiff on or before April 1, 2020. Rather, on June 2, 2020, in response to Interrogatories served by Defendants in January, Plaintiff revealed the identity of two individuals she intends to use as expert witnesses. Specifically, Interrogatory No. 19 requested the name, address and phone number of any expert Plaintiff intended to utilize as well as the subject matter of his or her testimony and a summary of the opinions expected to be offered. [Docket No. 11-2].

Plaintiff responded to this Interrogatory as follows:

>**ANSWER:**
>a. Dr. Terry King, PH.D.
>b. Professor Warren Howard, 1333 Kentucky Ave., Ashland, KY
>41101
>606-326-2138
>Mr. Howard was my professor on education law and policies and will provide factual information about the laws and policies in question.

*Id.* Plaintiff did not provide any reports or the like in conjunction with her "disclosure."

2

Defendants move to strike any testimony by either individual on the grounds that the disclosure was untimely as well as deficient under Rule 26(a)(2). In response to Defendants' motion, Plaintiff filed a motion seeking to dismiss this matter and remand it back to Lawrence Circuit Court.

## II.

The disclosure of expert witnesses is governed by Fed. R. Civ. P. 26(a)(2), which provides that, "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."

In addition to the disclosure of each expert's identity, the party's expert disclosure must "be accompanied by a written report -- prepared and signed by the witness -- if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B).

Reports for such experts must contain very specific information: "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case." *Id.*

For experts not retained or specially employed to provide expert testimony in a case, such as treating physicians, the mere disclosure of the expert's identity is insufficient. *See* Fed. R. Civ. P. 26(a)(2)(C). Instead, the disclosure of a non-retained expert's identity must be accompanied by a statement regarding: "(i) the subject matter on which the witness is expected to present

evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." *Id.* While the disclosures required by Rule 26(a)(2)(C) are less extensive than the report required by Rule 26(a)(2)(B), the Rule does not eliminate the requirement of providing summary disclosures. *See e.g. Cosby v. Claiborne Cnty. Bd. of Educ.*, 2018 WL 3233336, at *3 (E.D. Tenn. July 2, 2018) (finding that identifying physicians in response to interrogatories and the production of medical records in discovery "does not satisfy Rule 26(a)(2)(C)" and "does not constitute harmlessness under Rule 37(c)(1)").

"If a party fails to provide information or identify a witness as required by Rule 26(a) ... the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Indeed, Rule 37(c)(1) "requires absolute compliance with Rule 26(a). It "mandates that a trial court punish a party for discovery violations in connection with Rule 26 **unless** the violation was harmless or is substantially justified." *Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003)(emphasis added). The burden of providing substantial justification or harmlessness is on the offending party, in this case, the Plaintiff. *Id.*

### III.

It cannot be disputed that Plaintiff's "disclosure" was untimely. It came well over a month after the deadline established by the Scheduling Order. Further, it came in responses to discovery served five months prior. In their motion, Defendants set forth in detail their efforts to engage Plaintiff in discovery. They explain that written discovery was served on Plaintiff on or about January 30, 2020. Having received no response, on March 13, 2020, Defendants' counsel sent a follow-up letter to Plaintiff's counsel seeking the status of written discovery and

4

requesting dates for the deposition of Plaintiff. On March 17, 2020, Plaintiff's counsel requested an extra two weeks to answer. Defendants' counsel agreed. After the two weeks, on April 29, 2020, Defendants' counsel, again, sought the status of the discovery response and requested the deposition of Plaintiff. No response was received. Then, on June 4, 2020, Plaintiff served her answers to the January Interrogatories, which included the disclosure of two experts. Even considering the two-week extension, the disclosure was untimely.

The Court is mindful that in the midst of the assigned period for discovery, COVID-19 struck this nation, as well as the world, throwing every life, business and enterprise into disarray. Delays and rescheduling became the norm; to some extent, that norm persists. However, the business of the Courts did not, and will not, grind to a halt.

The Court also notes that Plaintiff did not seek any assistance from this Court. She did not file a motion to extend the scheduling order or a motion for leave to disclose expert witnesses. Nor has she sought to supplement her Answer to Interrogatory 19 since the filing of Defendants' motion.

In addition to being untimely, the disclosure does not satisfy the requirements of Rule 26(a)(2). The only information beyond what is stated in the Answer to the Interrogatory is a resume for Terry King, which was included in the June response by Plaintiff. Clearly, this "lick and a promise" falls well short of what is required. Nor does a medical authorization suffice, as suggested by Plaintiff.

In response to Defendants' motion, Plaintiff filed a motion to "dismiss and remand." Yet her motion does not seek dismissal of her claims under federal law. In fact, in her motion she reasserts her federal claims. She states:

> Fisher had a property interest in her teaching job that could not be deprived without due process of law . . . .Fisher submits that she had a protected property interest in her expectation of continued employment with the Lawrence County Board of Education *under the Fourteenth Amendment to the U.S. Constitution* . . . .Fletcher and the Lawrence County School Board denied Fisher's property and/or liberty without due process of law.

[Plaintiff's Motion to Dismiss and Remand Docket No. 14] (emphasis added).

She makes no mention of dismissing her federal claims. Instead, her motion is based, first upon COVID-19, and then, upon claims under Kentucky law which were not initially plead. Neither of which is a valid basis upon which to deprive this Court of jurisdiction.

As for her burden with regard to her untimely and insufficient expert disclosure, Plaintiff does little in this regard. Rather, she focuses on what Defendants can potentially do to mitigate Plaintiff's failure to properly or timely disclose her desired expert witnesses. Yet, the Rule does not permit this re- allocation of burden. The onus is on Plaintiff to prove that her conduct was substantially justified or is harmless. She has failed to carry her burden.

Defendants urge that in seeking remand, Plaintiff is attempting to avoid the Scheduling Order and litigate her federal claims in state court. This Court will not muse as to her motives. The Court will, however, find that her motion is not meritorious.

## IV.

Accordingly, **IT IS HEREBY ORDERED**:

(1) Defendants' Motion to Strike Plaintiff's Experts [Docket No. 11] be SUSTAINED; and

(2) Plaintiff's Motion to Dismiss and Remand [Docket No. 14] be **OVERRULED**.

This 3rd day of September 2020.



Signed By:
*Henry R Wilhoit Jr.*
**United States District Judge**