UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

Civil Action No. 19-112-HRW

PEGGY FISHER,                                                                            PLAINTIFF,

v.                       MEMORANDUM OPINION AND ORDER

**ROBBIE FLETCHER,** *Individually*
*and is his capacity as*
*Superintendent of Lawrence County Schools*
**and**
**LAWRENCE COUNTY SCHOOL DISTRICT,**                        DEFENDANTS.

This matter is before the Court upon Defendants' Motion for Summary Judgment [Docket No. 17]. The matter has been fully briefed by the parties. [Docket Nos. 17-1, 21 and 23]. For the reasons set forth herein, the Court finds that the Defendants are entitled to judgment as a matter of law.

**I.**

This case arises from Plaintiff Peggy Fisher's intermittent employment as a special needs instructor in the Lawrence County School District.

Fisher was hired by the District for the 2017-2018 school year for a position at Lawrence County High School. [Complaint, Docket No. 1-1, ¶ 2]. Her contract was one of "limited employment," specifying that her employment was for a single school year. *Id.* at ¶ 3. The contract explicitly states that it "shall remain in effect for one school year unless it is terminated in compliance with KRS 161.780, 161.790 or any other applicable statute. This contract may be

1

renewed by the superintendent if accepted by the teacher. This contract may be subject to nonrenewal under KRS 161.750." [Docket No. 17-2].

Per this statute, her contract may be renewed for the following year, or not. KRS 161.750 sets forth the procedure for renewal as well as non-renewal. It provides:

> (1) Any teacher employed under a limited contract may be reemployed under the provisions of KRS 161.720 to 161.810 for the succeeding school year at the same salary, plus any increment or decrease as provided by the salary schedule, upon notification of the board by the superintendent of schools that the contract of the teacher is renewed.
> (2) If the superintendent does not renew the contract, he shall present written notice to the teacher that the contract will not be renewed no later than May 15 of the school year during which the contract is in effect. Upon receipt of a request by the teacher, the superintendent shall provide a written statement containing the specific, detailed, and complete statement of grounds upon which the nonrenewal of contract is based.

KRS 161.750.

By letter dated May 8, 2018, Fisher was notified of the District's decision to not renew her limited contract for the following school year. A copy of the letter is in the record at Docket No. 17-5. Pursuant to the statute, Plaintiff requested a written statement of reasons for the non-renewal. By letter dated May 31, 2018, she was informed that, based on projected enrollment for the 2018-19 school year, the District decided to reduce the number of special education/needs teachers within the District, effective July 1, 2018. [Docket No. 17-6].

This lawsuit followed against the District and Robbie Fletcher, in his official capacity as Superintendent of Lawrence County Schools as well as individually. Originally filed in Lawrence County Circuit Court, Fisher alleged violations of her due process rights, under both state and federal law, violations of KRS 161.750 and 16 KAR 1:020 as well as intentional infliction of emotional distress. She seeks monetary damages as well as fees and costs.

2

In her Complaint, Plaintiff contends that the given reason for the non-renewal of her contract was merely a "ruse." [Docket No. 1-1, ¶ 8]. Instead, she maintains that she was not retained due to an incident which occurred on September 11, 2017:

> On Fisher's first day of teaching at the school on September 11, 2017, [she] was conducting gym class with her students in the school gymnasium according to the request by Fletcher. Two special needs students were out of Fisher's line of sight for a minute or two, but less than five minutes. students, one female and one male, made their way under the bleachers at the gym. There were allegations that the students either attempted some form of sexual contact or actual contact.

[Docket No. 1-1, ¶ 5].

In a meeting with Superintendent Fletcher shortly following the incident, Fisher denied that anything untoward occurred. A week later, on September 18, 2017, Defendant Fletcher issued a Letter of Private Reprimand to Plaintiff. [Docket No. 17-4].

Pursuant to KRS 620.030, the District reported the incident to the Cabinet for Families and Children. An investigation followed in which Plaintiff, the students involved, and other school employees were interviewed. According to the report, another teacher, Michelle Combs, was in the gym that day with her own students, "co-teaching" with Plaintiff. [Docket No. 17-3]. The gym is divided into to "levels" with an "upper" and "lower" level. Ms. Combs asked Plaintiff to watch the students on the upper level while she would watch students on the lower. Plaintiff began walking the upper level track for the personal benefit of exercise. *Id.* Plaintiff told state investigators that she knew there were blind spots when on the track where she was unable to observe students. *Id.* The two students, D.J. and J.C., who were under Plaintiff's supervision, moved under the bleachers and kissed, removed their pants, and touched each other's private areas. *Id.* Plaintiff told Cabinet investigators that before walking on the track she had stopped

J.C. and D.J. from going under the bleachers but did not continue to monitor them. *Id*. During their separate interviews with Cabinet investigators, D.J. and J.C. stated that while under the bleachers they had enough time to attempt to engage in sexual intercourse. *Id*. At this point they were found by Ms. Combs and stopped.

On February 26, 2018 the Cabinet issued a Notification Letter finding that the allegations against Plaintiff were substantiated. *Id*.

In her Complaint, Plaintiff alleges that her contract was not renewed based upon this investigation which was, according to Plaintiff, part of a "Fletcher's course of outrageous conduct of making sure that [she] was terminated from her job." [Docket No. 1-1, ¶ 9].

Defendants removed the case to this Court and now seek summary judgment as to all claims alleged herein.

## II.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "Of course, [the moving party] bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.

A fact is "material" for purposes of a motion for summary judgment where proof of that fact "would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." *Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir.1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury

4

could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Conversely, where a reasonable jury could not find for the nonmoving party, there is no genuine issue of material fact for trial. *Feliciano v. City of Cleveland,* 988 F.2d 649, 654 (6th Cir.1993). In making this evaluation, the court must examine the evidence and draw all reasonable inferences in favor of the non-moving party. *Binay v. Bettendorf,* 601 F.3d 640, 646 (6th Cir.2010) (quoting *In re Calumet Farm, Inc.,* 398 F.3d 555, 558 (6th Cir.2005)).

If this burden is met by the moving party, the non-moving party's failure to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," will mandate the entry of summary judgment. *Celotex,* 477 U.S. at 322–23. The non-moving party may not rest upon the mere allegations or denials of his pleadings, but the response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts which demonstrate that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). The rule requires the non-moving party to introduce "evidence of evidentiary quality" demonstrating the existence of a material fact. *Anderson*, 477 U.S. at 252 (holding that the non-moving party must produce more than a scintilla of evidence to survive summary judgment).

"Rule 56(e)(2) leaves no doubt about the obligation of a summary judgment opponent to make [his] case with a showing of facts that can be established by evidence that will be admissible at trial.... In fact, '[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion.' Rule 56(e) identifies affidavits, depositions, and answers to interrogatories as appropriate items that may be used to support or oppose summary judgment." *Alexander v. CareSource,* 576 F.3d 551, 558 (6th

Cir.2009) (quoting *Everson v. Leis,* 556 F.3d 484, 496 (6th Cir.2009)).

### III.

**A. Plaintiff's claim under KRS 161.100 fails as a matter of law.**

In her Complaint, Plaintiff alleges that the District violated KRS 161.100 through Defendant Fletcher's decision to not renew her contract and that such actions "violated [her] due process rights guaranteed under the Fourteenth Amendment to the United States Constitution". [Docket No. 1-1, ⁋15].

However, KRS 161.100 deals with "emergency certification" of teachers. It does not govern the renewal or non-renewal of Plaintiff's limited contract of employment. Nor does it grant any due process rights with regards to employment. Therefore, any "claim" asserted under KRS 161.100 fails as a matter of law.

**B. Plaintiff's claim under 16 KAR 1:020 fails as a matter of law.**

In her response opposing summary judgment, Plaintiff reiterates the allegations in her Complaint that Defendant Fletcher intentionally and incorrectly applied 16 KAR 1:020 to her actions on September 11, 2017. However, this Regulation does not set forth any purported duties owed by Defendant Fletcher to Plaintiff. Nor Plaintiff has not cited any Kentucky case law, statute, or regulation creating a private right of action under 16 KAR 1:020. As such, this claim fails as a matter of law.

**C. Plaintiff's due process claims fail as a matter of law.**

In her response to Defendants' dispositive motion, Plaintiff states:

> Fisher was **not an employee** at the time of the September 11, 2017 incident. She did not sign her contract for the 2017-2018 school year until October 10, 2017, almost a month after the incident. Therefore, at the time of the incident, **Fisher was a volunteer**. This drastically changers Fisher's status in this suit.

6

[Docket No. 21, pg. 2](emphasis added).

Indeed. As a "volunteer", Fisher can have no property interest in her "employment." Therefore, her due process claims fail.

Even if her claim somehow survives her "drastic change in status," she received adequate and appropriate process as it relates to the non-renewal of her contract. As Defendants point out, in Kentucky there is no property interest in continued employment beyond the contract terms. *Gibson v. Board of Education of Jackson County*, 805 S.W.2d 673, 675 (Ky.App. 1991). Plaintiff's contract is limited by its own terms; there is no automatic renewal under KRS §161.750.

The only "process" due under this statute is notice prior to May 15 of the contract year and a written statement of grounds, if and only if, requested by the employee. This process was complied with. As such, Plaintiff cannot claim that she was not afforded the process provided to her under the statute which governed her contract of employment.

**D. Plaintiff has not set forth a *prima facie* case of intentional infliction of emotional distress.**

In her Complaint, Plaintiff alleges:

> Fletcher engaged in a course of outrageous conduct of making sure that Fletcher was terminated from her job, regardless of its illegality. Fletcher intended to inflict Fisher of severe emotional distress. Fisher's distress was severe.

[Docket No. 1-1, ¶ 9]

Regardless of the fact that she was not "terminated" as she alleges, it would appear Plaintiff's "beef" is with Defendant Fletcher. She is convinced that he wrongfully orchestrated

her exit from the District. However, where is the beef? Speculation and innuendo aside, she has presented no facts in this regard.

Intentional infliction of emotional distress is not easy to prove. The conduct in question must deviate "from all reasonable bounds of decency." *Stringer v. Wal-Mart Stores*, 151 S.W.3d 781, 791 (Ky. 2004). To establish a claim for intentional infliction of emotional distress, Plaintiff must establish that: (1) the wrongdoer's conduct was intentional or reckless; (2) the conduct was outrageous and intolerable in that it offends against generally accepted standards of decency and morality; (3) there was a causal connection between the wrongdoer's conduct and the emotional distress suffered; and (4) the emotional distress was severe. *Kroger Co. v. Willgruber*, 920 S.W.2d 61, 67 (Ky. 1996). "The evaluation of the criteria should be 'stringent' and the action must be 'utterly intolerable [and] intended to cause extreme emotional distress.'" *Smith v. Franklin Cty.*, 227 F.Supp. 2d 667, 684 (ED Ky. 2002).

There is nothing in the record or presented by Plaintiff which establishes or even implies that Defendant Fletcher "engage[d] in conduct which demonstrates total disregard for the other party…which any normal and prudent person would know was likely to cause extreme emotional distress." *Gilbert v. Barkes*, 987 S.W.2d 772, 777 (Ky. 1999). Plaintiff has not identified any conduct which was *intentionally* done with the purpose of inflicting emotional distress. She has not made any argument or plead any fact supporting a claim that the May 8, 2018 non-renewal of Plaintiff's Limited Contract of Employment was done solely and for the express purpose of inflicting emotional distress upon her. She has not pled or presented the requisite conduct to meet the elements of this tort. As such, Defendants are entitled to summary judgment as to this claim. *See Celotex*, 477 U.S. at 322.

**IV**.

The party opposing summary judgment must show that she can make good on the promise of her pleadings by laying out enough evidence that will be admissible at trial to demonstrate that a genuine issue on a material fact exists, and that a trial is necessary. *Alpert v. United States,* 481 F.3d 404, 409 (6th Cir.2007). Plaintiff has not done so.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment [Docket No. 17] be **SUSTAINED**.

This 11th day of November 2020.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge